MEMORANDUM ***
Robert Doyle Murphy appeals from the district court’s summary judgment in favor of the defendants in Murphy’s 42 U.S.C. § 1983 action alleging his due process rights were violated when he was disciplined for possessing a weapon found in his cell. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a grant of summary judgment, Blanford, v. Sacramento County, 406 F.3d 1110, 1114 (9th Cir.2005), and we affirm.
The district court properly granted summary judgment on Murphy’s due process claim because discovery of the weapon in Murphy’s cell was “some evidence” to support the disciplinary actions. See Superintendent v. Hill, 472 U.S. 445, 454, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985) (holding that due process requires that the findings and actions of a disciplinary prison board be supported by “some evidence in the record”).
We are not persuaded by Murphy’s contention that Oregon state law mandates a different outcome. Due process requires only “some evidence” of state-prohibited conduct to justify disciplinary action. See id. at 457 (“The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board.”).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.